**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| William Leewood Floyd, | No. CV-24-00486-PHX-JAT (JZB) |
| Plaintiff, | **ORDER** |
| v. | |
| Ryan Thornell, et al., | |
| Defendants. | |

Pending before the Court is Plaintiff William Leewood Floyd's motion for default judgment against Defendant Ramon Suarez. (Doc. 23). Also before the Court is Magistrate Judge John Z. Boyle's Report and Recommendation ("R&R") recommending that the motion for default judgment be granted. (Doc. 25). Plaintiff filed objections to the R&R. (Doc. 26). Defendant Suarez also filed objections to the R&R and a motion to set aside default. (Doc. 28). For the following reasons, the Court will grant Defendant Suarez's motion and set aside default.

**I.   BACKGROUND**

In his first amended complaint, filed *pro se* under 42 U.S.C. § 1983, Plaintiff alleges that he was wrongfully accused of sexual assault and that Defendant Suarez violated his constitutional rights by failing to properly investigate the allegations, falsifying official documents, and sending Plaintiff back to general population custody.[1] (Doc. 13 at 3-5).

---

[1] The Court previously dismissed other counts and dismissed Defendant Ryan Thornell. (*See generally* Doc. 15). In that same order, the Court described Plaintiff's claims in more detail. (Doc. 15 at 2-5).

Plaintiff seeks monetary and injunctive relief.

On January 23, 2025, the Court construed Plaintiff's motion for default judgment, (Doc. 20), as an application for entry of default, granted the motion, and directed the Clerk of Court to enter default against Defendant Suarez. (Doc. 21). The Clerk entered default against Defendant Suarez the same day. (Doc. 22). Plaintiff then moved for default judgment. (Doc. 23).

Magistrate Judge Boyle issued an R&R recommending that Plaintiff's motion for default judgment should be granted against Defendant Suarez and Plaintiff should be awarded $1,001. (Doc. 25). Plaintiff objects to the R&R solely based on the award amount; Plaintiff believes that an amount in the range of $45,000 to $50,000 would be more "reasonable." (Doc. 26 at 2). On May 8, 2025, Defendant Suarez filed objections to the R&R and moved to set aside the entry of default. (Doc. 28).

## II.    DISCUSSION

### a. Set Aside Default Judgment

#### i. Legal Standard

The Court may set aside an entry of default for good cause. Fed. R. Civ. P. 55(c). To determine whether good cause exists, the Court considers three factors: (1) whether the movant engaged in "culpable" conduct; (2) whether a meritorious defense exists; and (3) whether setting aside the default judgment would prejudice the other party. *United States v. Signed Pers. Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1091 (9th Cir. 2010). "The party seeking to vacate a default judgment bears the burden of demonstrating that these factors favor vacating the judgment." *TCI Grp. Life Ins. Plan v. Knoebber*, 244 F.3d 691, 696 (9th Cir. 2001), *overruled on other grounds by Egelhoff v. Egelhoff ex rel. Breiner*, 532 U.S. 141 (2001). "[D]efault judgments are ordinarily disfavored. Cases should be decided upon their merits whenever reasonably possible." *New Gen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 616 (9th Cir. 2016) (quoting *Eitel v. McCool*, 782 F.2d 1470, 1472 (9th Cir. 1986)).

### ii. Analysis

#### 1. Culpable Conduct

The Court first determines whether Defendant Suarez's default was the result of culpable conduct. "[A] defendant's conduct is culpable if [it] has received actual or constructive notice of the filing of the action and *intentionally* failed to answer." *TCI Grp.*, 244 F.3d at 697 (emphasis in original) (quoting *Alan Neuman Prods., Inc. v. Albright*, 862 F.2d 1388, 1392 (9th Cir. 1988)).

Defendant Suarez maintains that his conduct was not culpable. He explains that after he was served, he gave the summons and the complaint to "contract monitors" at the Arizona Department of Corrections Rehabilitation and Reentry ("ADCRR"), who are "employees who are charged with monitoring, evaluating, and supporting privately-run prisoners under contract with ADCRR." (Doc. 28-1 at 2-3, ¶ 8). These contract monitors "verbally assured" Defendant Suarez that they "would handle the [l]awsuit for him" and they "promised to pass the documents along to the Contract Beds Administrator." (*Id.* ¶ 9). Nine days later, Defendant Suarez was terminated "for reasons unrelated to this [l]awsuit." (*Id.* ¶ 10). Before leaving the Phoenix West Correctional and Rehabilitation Facility ("PWCR"), Defendant Suarez "followed-up" with the contract monitors on the status of the lawsuit and they "assured [him] that it was being handled by ADCRR." (*Id.* ¶ 11). Defendant Suarez says he did not receive additional information regarding this matter until counsel Jonathan Yu[2] contacted him on May 7, 2025. (*Id.* ¶ 12). Defendant Suarez states that after he was terminated, he did not have access to the PWCR and was thereby "unable to follow-up with any of the contract monitors." (*Id.* ¶ 13). ADCRR did not contract Defendant Suarez "about the [l]awsuit following [his] termination." (*Id.*).

Defendant Suarez has no other experience with civil litigation[3] and states he "was

---

[2] Mr. Yu explains that he received notice of this lawsuit from the Arizona Attorney General's office on May 5, 2025 and he filed a notice of appearance on May 6, 2025. (Doc. 28 at 3 n. 2).

[3] The Court notes that this fact goes toward Defendant Suarez's status as an "unsophisticated" party. *See Mesle*, 615 F.3d at 1093 (finding a party was unsophisticated because he was not a lawyer and was "unrepresented at the time of default."); *cf. TCI Grp.*, 244 F.3d at 699 n.6 ([a]bsent some explanation . . . it is fair to expect that individuals who have previously been involved in litigation or have consulted with a lawyer appreciate the

unfamiliar with the significance" of the documents he was served with and therefore "relied on ADCRR and its contract monitors' representations that they would handle the [l]awsuit for [him]." (*Id.* ¶ 14). He claims that if he knew that "ADCRR had taken no action to appear or otherwise defend [him]" he would have contacted his former employer or "taken affirmative steps to defend [him]self." (*Id.* ¶ 15). He now intends to "participate in this [l]awsuit and defend against the claims." (*Id.* ¶ 16).

On the one hand, the Court understands that Defendant Suarez believed ADCRR was "handling" this matter for him and properly representing him. On the other hand, once a litigant has notice of a lawsuit, they have a duty to stay informed about the status of that lawsuit. *See S.E.C. v. McNulty*, 137 F.3d 732, 740 (2d Cir. 1998) (finding even a represented defendant has a duty to be diligent and "attempt to monitor counsel's handling of the lawsuit"). Nonetheless, without any evidence that Defendant acted with bad faith, the Court does not find Defendant Suarez's conduct culpable. *See Mesle*, 615 F.3d at 1092-93 ("[T]o treat a failure to answer as culpable, the movant must have acted with bad faith. . ."). Accordingly, this factor weighs in favor of setting aside Defendant Suarez's default.

### 2. Meritorious Defense

Next, the Court considers whether Defendant Suarez has a meritorious defense. To show that a meritorious defense exists, Defendant must "present specific facts that would constitute a defense." *Mesle*, 615 F.3d at 1094. In this analysis, it is not the role of the Court to assess the veracity of the facts alleged. *Id.* It merely must find that the facts presented, if true, constitute the basis for a meritorious defense. *Id.* Ultimately, the burden on defendants here "is not extraordinarily heavy." *Id.*

Here, Defendant Suarez has alleged enough specific facts to establish three meritorious defenses. First, Defendant "expressly denies he was directly, personally involved in any decision to relocate Plaintiff to a General Population setting, and will be able to demonstrate that such decisions are made by ADCRR or others; not the Chief of

---

consequences of failing to answer and do so only if they see some advantage to themselves").

Security."[4] (Doc. 28 at 6). Second, Defendant "intends to provide evidence of his subjective intent and knowledge concerning his investigation of the sexual assault allegations against Plaintiff" such that Plaintiff's Eighth Amendment claim, which requires Defendant Suarez's subjective awareness of a risk of substantial harm, should be dismissed. (Doc. 28 at 6). Third, Defendant will argue that Plaintiff "failed to satisfy the statutory pre-requisite to filing a claim against Defendant." (Doc. 28 at 7). Accordingly, this factor also weighs in favor of setting aside Defendant Suarez's default.

### 3. Prejudice to Plaintiff

Finally, the Court considers whether setting aside default would prejudice Plaintiff. "To be prejudicial, the setting aside of a judgment must result in greater harm than simply delaying resolution of the case. Rather, 'the standard is whether [plaintiff's] ability to pursue [his] claim will be hindered.'" *TCI Grp.*, 244 F.3d at 701 (citing *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984) (per curiam)).

Here, Plaintiff did not respond to Defendant Suarez's motion and therefore Plaintiff did not show that greater harm will result if the Court sets aside default. Moreover, the delay has not been significant and it appears that Defendant Suarez's counsel is prepared to diligently pursue the resolution of this case. Accordingly, the final factor weighs in favor of setting aside default.

### b. R&R

Because the Court will set aside default, the R&R in this case, (Doc. 25), which exclusively discusses default judgment, is now moot. Thus, the Court will reject the R&R and overrule the objections.

### III.  CONCLUSION

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for default judgment as to Defendant Suarez, (Doc. 23), is **DENIED**.

**IT IS FURTHER ORDERED** that the Report & Recommendation (Doc. 25) and

---

[4] Defendant Suarez's declaration supports this defense. (*See* Doc. 28-1 at 2, ¶ 7).

1  the objections (Docs. 26, 28) are deemed to be moot.

2  **IT IS FURTHER ORDERED** that Defendant Suarez's motion to set aside default, (Doc. 28), is **GRANTED**. The default entered at Doc. 22 as to Defendant Ramon Suarez is set aside.

**IT IS FURTHER ORDERED** that Defendant Suarez shall answer or otherwise respond to the amended complaint within 14 days from the date of this order.

Dated this 17th day of June, 2025.

James A. Teilborg
Senior United States District Judge