**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| William Leewood Floyd, | No. CV-24-00486-PHX-JAT (JZB) |
| Plaintiff, | **ORDER** |
| v. | |
| R. Suarez, | |
| Defendant. | |

Pending before the Court is Defendant Suarez's Motion for Summary Judgment (Doc. 34). Plaintiff was informed of his rights and obligations to respond to the Motion pursuant to *Rand v. Rowland*, 154 F.3d 952, 962 (9th Cir. 1998) (en banc) (Doc. 36). Plaintiff did not respond. The Court will grant Defendant's Motion for Summary Judgment (Doc. 34).

## I.    BACKGROUND

Plaintiff William Leewood Floyd, who is confined in the Red Rock Correctional Center, filed a pro se civil rights Complaint pursuant to 42 U.S.C. § 1983. (Doc. 1; Doc. 15). The Court's July 9, 2024 Screening Order (Doc. 15) dismissed all claims except an Eighth Amendment threat to safety claim against Defendant Suarez. (Doc. 15 at 7, 10).

In the remaining claim, Plaintiff alleges that after he was found guilty of a sexual assault disciplinary charge, Defendant Suarez moved him to a general population yard even though Plaintiff should have been housed on a protective custody yard, and Suarez thereby disregarded the known risk to sex offenders of serious harm by other prisoners on higher-

custody yards. (Doc. 15 at 7; Doc. 13 at 5).

On March 9, 2026, Defendant Suarez filed the pending Motion for Summary Judgment. (Doc. 34). Plaintiff was informed of his rights and obligations to respond. (Doc. 36); *see Rand*, 154 F.3d at 962. However, Plaintiff did not respond.

## II.   SUMMARY JUDGMENT STANDARD

"Summary judgment is appropriate only if, taking the evidence and all reasonable inferences drawn therefrom in the light most favorable to the non-moving party, there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law." *Torres v. City of Madera*, 648 F.3d 1119, 1123 (9th Cir. 2011); Fed. R. Civ. P. 56(a). "A genuine dispute of material fact exists 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Sierra Med. Servs. All. v. Kent*, 883 F.3d 1216, 1222 (9th Cir. 2018) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

The moving party bears the initial burden of presenting the basis for its motion and identifying those portions of the record that it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "Once the moving party meets its burden of establishing the absence of a genuine issue of material fact, the nonmoving party must go beyond the pleadings and identify facts which show a genuine issue for trial." *Cline v. Indus. Maint. Eng'g & Contracting Co.*, 200 F.3d 1223, 1229 (9th Cir. 2000); *see* Fed. R. Civ. P. 56(c)(1).

At summary judgment, the judge's function is not to weigh the evidence and determine the truth but to determine whether there is a genuine issue for trial. *Anderson*, 477 U.S. at 249. The court need only consider the cited materials, but it may consider any other materials in the record. Fed. R. Civ. P. 56(c)(3).

## III.   DISCUSSION

Defendant argues that Plaintiff failed to exhaust his administrative remedies, and thus that Plaintiff's claim should be dismissed pursuant to the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a). (Doc. 34 at 1). Defendant alternatively argues that

even if Plaintiff exhausted his administrative remedies, there is no evidence that Defendant removed him from a protective custody yard or otherwise denied him protective custody. (Doc. 34 at 1).

### A. Exhaustion Legal Standard

Under the PLRA, a prisoner must exhaust "available" administrative remedies before filing an action in federal court. *See* 42 U.S.C. § 1997e(a); *Vaden v. Summerhill*, 449 F.3d 1047, 1050 (9th Cir. 2006); *Brown v. Valoff*, 422 F.3d 926, 934-35 (9th Cir. 2005). The prisoner must complete the administrative review process in accordance with the applicable rules. *See Woodford v. Ngo*, 548 U.S. 81, 92 (2006). Exhaustion is required for all suits about prison life, *Porter v. Nussle*, 534 U.S. 516, 523 (2002), regardless of the type of relief offered through the administrative process, *Booth v. Churner*, 532 U.S. 731, 741 (2001).

The defendant bears the initial burden to show that there was an available administrative remedy and that the prisoner did not exhaust it. *Albino v. Baca*, 747 F.3d 1162, 1169, 1172 (9th Cir. 2014); *see Brown*, 422 F.3d at 936–37 (a defendant must demonstrate that applicable relief remained available in the grievance process). Once that showing is made, the burden shifts to the prisoner, who must either demonstrate that he, in fact, exhausted administrative remedies or "come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." *Albino*, 747 F.3d at 1172; *Ross v. Blake*, 578 U.S. 632, 635 (2016) ("A prisoner need not exhaust remedies if they are not 'available.'"). The ultimate burden, however, rests with the defendant. *Id.* Summary judgment is appropriate if the undisputed evidence, viewed in the light most favorable to the prisoner, shows a failure to exhaust. *Id.* at 1166, 1168; *see* Fed. R. Civ. P. 56(a).

### B. Failure to Exhaust

Defendant has shown that the prison has an administrative remedy process, which is set forth in Policy DO 802 and made known to inmates through the prison libraries. (Doc. 35 at 2 ¶ 6; Doc. 35-1 at 2, 8, 11–14). Defendant has also shown that Plaintiff did not

exhaust his administrative remedies (Doc. 35 at 3¶ 16; Doc. 35-1 at 3 ¶ 15), and Plaintiff acknowledges in his Amended Complaint that he did not exhaust any administrative remedies. (Doc. 13 at 5, 7).

To survive summary judgment for failure to exhaust, Plaintiff must therefore show that "there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." *Albino*, 747 F.3d at 1172.

In determining when administrative remedies are not "available," the Supreme Court identified "three kinds of circumstances in which an administrative remedy, although officially on the books, is not capable of use to obtain relief." *Ross*, 578 U.S. at 643. First, "an administrative procedure is unavailable when (despite what regulations or guidance materials may promise) it operates as a simple dead end—with officers unable or consistently unwilling to provide any relief to aggrieved inmates." *Id.* (citing *Booth v. Churner*, 532 U.S. 731, 736, 738 (2001)). Second, "an administrative scheme might be so opaque that it becomes, practically speaking, incapable of use. In this situation, some mechanism exists to provide relief, but no ordinary prisoner can discern or navigate it." *Id.* at 643−44. And finally, administrative remedies are unavailable "when prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." *Id.* at 644.

As previously noted, Plaintiff did not file a response to Defendant's Motion for Summary Judgment. Plaintiff does, however, allege in his Amended Complaint that his inability to exhaust administrative remedies was "[b]ecause of the nature of the ticket and the harm it would cause if [he] asked for help or went to the law library due to prison politics," and that he "would have been forced to provide paperwork and [be] escorted to the law library because of the prison politics." (Doc. 13 at 3–4, 7).

Plaintiff does not challenge the grievance process itself, and Plaintiff does not allege that prison officials refused to escort him to the law library, threatened or intimidated him, or otherwise frustrated his ability to use the available grievance process. *See Ross*, 578 U.S. at 644. To the extent Plaintiff argues that administrative remedies were unavailable to him

- 4 -

due to his fear of other inmates, "[o]ther inmates are not employees or agents of the prison and have no role in the administration of the prison-grievance procedure," and thus "the fact that he may have feared retaliation from other inmates by using the grievance procedure does not mean that the grievance procedure itself was" unavailable. *Henry v. Calhoun SP Warden*, 847 F. App'x 624, 626 (11th Cir. 2021). Moreover, while the Ninth Circuit Court of Appeals has recognized that "fear of retaliation may be sufficient to render the inmate grievance procedure unavailable," *McBride v. Lopez*, 807 F.3d 982, 984 (9th Cir. 2015), Plaintiff does not allege that he feared retaliation for filing a grievance, but rather that he fears for his safety while in general population areas of the prison. (Doc. 13 at 4). Accordingly, Plaintiff has not met his burden of demonstrating that the prison's administrative remedies were unavailable to him.

Because Defendant has shown that Plaintiff did not exhaust the prison's administrative remedies and Plaintiff has failed to rebut Defendant's evidence, the Court will grant summary judgment to Defendant based on failure to exhaust administrative remedies.[1]

### IV. CONCLUSION

Accordingly,

**IT IS ORDERED** that the reference to the Magistrate Judge is withdrawn as to Defendant's Motion for Summary Judgment (Doc. 34).

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

---

[1] Because the Court will dismiss the claim against Defendant Suarez based on failure to exhaust, the Court need not decide Defendant's additional argument that Plaintiff's Eighth Amendment threat to safety claim fails on the merits.

**IT IS FURTHER ORDERED** that Defendant's Motion for Summary Judgment (Doc. 34) is **granted**. Defendant Suarez is dismissed without prejudice for failure to exhaust administrative remedies. Defendant Thornell is dismissed without prejudice for the reasons stated in the Order at Doc. 15. The Clerk of the Court shall terminate this action and enter judgment accordingly.

Dated this 7th day of August, 2026.

James A. Teilborg
Senior United States District Judge